**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| F.N.U. SANTI, | No. 11-73599 |
| Petitioner, | Agency No. A088-290-808 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Santi, a native and citizen of Indonesia, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum and withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, and review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that Santi's past experiences even considered cumulatively did not rise to the level of persecution. *See id.* at 1059 ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks and citation omitted); *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (harassment, denial of medical care, arrest and detention, and mob beating did not constitute past persecution). In addition, substantial evidence supports the BIA's determination that Santi failed to demonstrate a well-founded fear of future persecution because, even under a disfavored group analysis, she failed to establish sufficient individualized risk of harm to qualify for relief. *See Halim*, 590 F.3d at 979-80. The record does not support Santi's contentions that the IJ failed to conduct a disfavored group analysis, or that the IJ discounted her testimony by relying on the country report. We reject Santi's contention that the IJ unjustifiably relied on the country reports. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (the IJ is "entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has

11-73599

demonstrated that there is good reason to fear future persecution.").  Consequently,

her asylum claim fails.

Because Santi failed to demonstrate her eligibility for asylum, it necessarily

follows she did not satisfy the more stringent standard for withholding of removal.

*See Halim*, 590 F.3d at 980 n.7.

**PETITION FOR REVIEW DENIED.**